No. 46561.—Protests 966436–G, etc., of Carpel Corp. et al. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 46562.—Protest 3307–K of R. H. Macy & Co., Inc. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

BEFORE THE FIRST DIVISION, NOVEMBER 6, 1941.

No. 46563.—Petitions 6096–R, etc., of Osaki Shoten, Ltd., et al. (Honolulu).

Opinion by OLIVER, P. J.   The petitions were dismissed.

BEFORE THE FIRST DIVISION, NOVEMBER 7, 1941

No. 46564.—Protest 963639–G of S. H. Kress & Co. (New York).

Opinion by OLIVER, P. J.   It was stipulated that the rubber mice in question are similar to those the subject of Abstract 40389.   In accordance therewith they were held dutiable at 45 percent under paragraph 409 as composed in part of bamboo, as claimed.

No. 46565.—Protests 14873–K, etc., of Wm. Shaland (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) whistling balloons, rubber or feather balloons, and noisemakers, at 45 percent under paragraph 409, as articles composed in part of bamboo, Abstract 40493 followed; (2) siren whistles and kazoos at 45 percent under paragraph 397, Abstracts 39948, 40480, 44122, and 32264 followed; and (3) fur dogs or fur animals at 50 percent under paragraph 1519 (e) following Abstract 41823.   Protests sustained in part.